**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **NODAL TECHNOLOGIES LLC,** | **Case No.** |
| **Plaintiff,** | |
| **v.** | **Jury Trial Demanded** |
| **T-MOBILE USA, INC., AND T-MOBILE US, INC.,** | |
| **Defendants.** | |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff Nodal Technologies LLC, by and through the undersigned counsel, files this Complaint for patent infringement against Defendants T-Mobile USA, Inc., and T-Mobile US, Inc., and in support states, all upon information and belief:

### PARTIES

1.     Plaintiff Nodal Technologies LLC is a limited liability company organized and existing under the laws of the State of Texas and having its office address at 1903 Toro Canyon Rd., Austin TX 78746 ("Nodal" or "Plaintiff").

2.     Nodal is the owner of record and assignee of United States Patents 6,547,269 ("the '269 patent") and 6,711,409 ("the '409 patent") and has standing to sue and recover all past damages for infringement of the '269 and '409 Patents.

3.     T-Mobile USA, Inc. ("T-Mobile USA") is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.

4.     T-Mobile US, Inc. ("T-Mobile US") is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006. T-Mobile US is the

parent corporation of T-Mobile USA and was formerly known as MetroPCS Communications, Inc. ("MetroPCS"). Following an April 2013 business combination between T-Mobile USA and MetroPCS, MetroPCS was renamed T-Mobile US, Inc. T-Mobile USA and T-Mobile US will be referred to collectively as "the T-Mobile Defendants." The T-Mobile Defendants operate, and have operated, one or more wireless telecommunications networks to provide (and that provided) wireless telecommunications services under brand names including but not limited to "T-Mobile" and "MetroPCS."

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States.

6.      This Court has personal jurisdiction over the T-Mobile Defendants, both of which have committed acts of infringement in this judicial district in violation of 35 U.S.C. § 271. In particular, they have performed infringing methods in connection with providing wireless telecommunications services, as more specifically set forth herein. The T-Mobile Defendants derived substantial revenue from providing infringing communication services in this district.

7.      The T-Mobile Defendants maintain a significant physical presence in this judicial district. T-Mobile US maintains a corporate office at 2250 Lakeside Boulevard, Richardson, Texas, and T-Mobile USA maintains a Network Operations Center at 7668 Warren Parkway, Frisco, Texas, both of which are located within this judicial district. There are numerous T-Mobile and MetroPCS retail stores within this judicial district, including in each of Allen, Kilgore, Longview, Plano, Sulphur Springs, and Tyler, Texas. A purpose of these stores is to sell user devices, including cell phones, that are used with telecommunications services that have been provided by the T-Mobile Defendants.

## COUNT I – INFRINGEMENT OF THE '269 PATENT

8.     Plaintiff restates and incorporates by reference the foregoing allegations.

9.     U.S. Patent No. 6,574,269 entitled "Asymmetric Orthogonal Codes For Wireless System Receivers With Multiplication-free Correlators" (the "'269 Patent") was duly and legally issued on June 3, 2003.  A true and correct copy of the '269 Patent is attached as Exhibit 1.

10.     In violation of 35 U.S.C. § 271(a), the T-Mobile Defendants have used the system of at least Claim 1 of the '269 Patent by, *inter alia*, using its LTE v.10-compliant wireless telecommunications networks ("the Accused Instrumentality").

11.     Attached hereto as Exhibit 2, and incorporated herein by reference, is a claim chart detailing evidence that compares the Accused Instrumentality to each element of Claim 1 of the '269 patent.  The claim chart provides evidence of infringement of the '269 patent by use of the Accused Instrumentality.

12.     As a result of the T-Mobile Defendants' infringement of the '269 Patent, Plaintiff has suffered damages.

13.     The T-Mobile Defendants were made aware of the '269 patent via letter dated April 26, 2018, from Craig S. Jepson of the Toler Law Group, PC, to Melissa Scanlan, Esq., of T-Mobile USA, Inc.

14.     The T-Mobile Defendants continued infringing the '269 patent notwithstanding receipt of the letter and with full knowledge of the '269 patent.  As a result, the infringement by the T-Mobile Defendants has been willful.

15.     Nodal is entitled to a money judgment in an amount adequate to compensate for the T-Mobile Defendants' infringement, but in no event less than a reasonable royalty, for the

use made of the '269 Patent by the T-Mobile Defendants, together with interest and costs as fixed by the Court.

## COUNT II – INFRINGEMENT OF THE '409 PATENT

16.     Plaintiff restates and incorporates by reference the foregoing allegations.

17.     U.S. Patent No. 6,711,409 entitled "Node Belonging To Multiple Clusters In An Ad Hoc Wireless Network" (the "'409 Patent") was duly and legally issued on March 23, 2004. A true and correct copy of the '409 Patent is attached as Exhibit 3.

18.     In violation of 35 U.S.C. § 271(a), the T-Mobile Defendants have infringed one or more of the method claims, including Claim 2, of the '409 Patent by using its LTE v.10-compliant wireless telecommunications networks ("the Accused Instrumentality").

19.     Attached hereto as Exhibit 4, and incorporated herein by reference, is a claim chart providing evidence that compares the Accused Instrumentality to each element of Claim 2 of the '409 patent.  The claim chart provides evidence of infringement of Claim 2 of the '409 patent by the T-Mobile Defendants' use of the Accused Instrumentality.

20.     As a result of the T-Mobile Defendants' infringement of at least one of the method claims of the '409 Patent, Plaintiff has suffered damages.

21.     The T-Mobile Defendants were made aware of the '409 patent via letter dated April 26, 2018, from Craig S. Jepson of the Toler Law Group, PC, to Melissa Scanlan, Esq., of T-Mobile USA, Inc.

22.     The T-Mobile Defendants continued infringing the '409 patent notwithstanding receipt of the letter and with full knowledge of the '409 patent.  As a result, the infringement of the T-Mobile Defendants has been willful.

23.    Nodal is entitled to a money judgment in an amount adequate to compensate for the T-Mobile Defendants' infringement, but in no event less than a reasonable royalty, for the use made of the '409 patent by the T-Mobile Defendants, together with interest and costs as fixed by the Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff Nodal Technologies LLC respectfully requests that the Court find in its favor and against Defendants T-Mobile USA, Inc., and T-Mobile US, Inc., and that the Court grant Plaintiff the following relief:

A.    an adjudication that the T-Mobile Defendants have infringed the '269 Patent;

B.    an adjudication that the T-Mobile Defendants have infringed the '409 Patent;

C.    an award of damages to be paid by the T-Mobile Defendants adequate to compensate Plaintiff for the T-Mobile Defendant's past infringement of the '269 and '409 Patents, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts;

D.    that this Court find this case to be exceptional pursuant to 35 U.S.C. § 285, that the infringement has been willful, and that this Court award Nodal its attorneys' fees, costs, and expenses in this action, and an award of treble damages; and

E.    any and all such further relief at law or in equity that the Court may deem just and proper.

Dated: May 25, 2022                    Respectfully submitted by:


                                       */s/ Sean T. O'Kelly*
                                       Sean T. O'Kelly (#4349)
                                       Gerard M. O'Rourke (#3265)
                                       O'Kelly & O'Rourke, LLC
                                       824 N. Market Street
                                       Suite 1001A
                                       Wilmington, DE 19801
                                       (302) 478-4230
                                       sokelly@okorlaw.com
                                       gorourke@okorlaw.com

                                       *Attorneys for Plaintiff Nodal Technologies LLC*